UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANNA J., | ) |
| | ) |
|      **Plaintiff** | ) |
| | ) |
| v. | )   No. 1:23-cv-00397-LEW |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|      **Defendant** | ) |

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability (SSD) appeal contends that the Administrative Law Judge (ALJ) erred in weighing divergent expert opinions on the extent of functional limitation caused by her degenerative disc disease and in evaluating her subjective statements. *See* Plaintiff's Brief (ECF No. 10) at 9-17. I discern no error and therefore recommend that the Court affirm the Commissioner's decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had a severe impairment of degenerative disc disease with a morphine pump implant, *see* Record at 20; (2) retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except that she needed to change position for three to five minutes every half hour between normal breaks (and therefore would be off task for approximately nine to fifteen minutes every two hours); could frequently climb ramps or stairs; could occasionally balance, stoop, kneel, and crouch; could not crawl or climb

1

ladders, ropes, or scaffolds; needed to avoid concentrated exposure to vibration; and could not work at unprotected heights, *see id.* at 22; (3) was capable of performing past relevant work as a bookkeeper, which did not require the performance of work-related activities precluded by her RFC, *see id.* at 26; and (4) therefore had not been disabled at any time from March 5, 2020, her alleged onset date of disability, through October 26, 2022, the date of the decision, *see id.* at 20, 27. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

### A. Weighing of Expert Opinion Evidence

The record contains the opinions of four experts concerning the extent to which the Plaintiff's degenerative disc disease limited her ability to work. Treating physician Peter G. Arabadjis, M.D., completed a pain assessment in March 2021. *See* Record at 496-502. Treating provider Deborah Burchfield, A.R.P.N., completed arthritis and spinal questionnaires and a pain assessment in August 2020, *see id*. at 320-41, as well as a multiple impairment questionnaire in May 2021, *see id*. at 537-41. Finally, agency nonexamining experts Archibald Green, D.O., and Benjamin Weinberg, M.D., made findings on initial review in July 2021, *see id*. at 83-86, and reconsideration in April 2022, *see id*. at 90-93.

The ALJ deemed the findings of Drs. Green and Weinberg that the Plaintiff was limited to light work with alternation of position and additional postural and environmental limitations persuasive. *See id*. at 25-26. He described those findings as "well supported by a detailed review and analysis of the objective medical evidence" and "consistent with the [Plaintiff] often reporting only mild to moderate pain, imaging showing only mild degeneration, and exams noting the [Plaintiff] often walked with a normal gait, could squat and rise, had full range of motion and had intact strength, sensation, and reflexes." *Id*. at 25 (cleaned up). He concluded that "[n]o evidence submitted since these reviews substantially undercuts those opinions." *Id*. at 26.

The ALJ found the opinions of A.P.R.N. Burchfield and Dr. Arabadjis unpersuasive. *See id.* He noted that A.P.R.N. Burchfield indicated that the Plaintiff was "limited to less than sedentary work" with "additional sitting, postural, and environmental limitations," would be "frequently absent and off task, need[ed] to elevate her legs, and require[d] the option to change position periodically," and Dr. Arabadjis opined that the Plaintiff was "limited to less than sedentary work, with additional sitting, standing, walking, and postural limitations, require[d] the option to change positions periodically, and [would] be frequently absent and off task." *Id.* (cleaned up). He found, however, that:

1. Neither opinion was well-supported because neither A.P.R.N. Burchfield nor Dr. Arabadjis recorded "findings severe enough to support such significant limitations." *Id.*

2. Both opinions were inconsistent with evidence that the Plaintiff "often report[ed] only mild to moderate pain," "imaging show[ing] only mild degeneration," and "exams not[ing] [that] the [Plaintiff] often walked with a normal gait, could squat and rise, had full range of motion and had intact strength, sensation, and reflexes." *Id.* (cleaned up).

3. Both opinions were "also inconsistent with the [Plaintiff] reporting being able to sit and watch tv, drive, and walk around the store for at least 30 minutes." *Id.* (cleaned up).

The Plaintiff asserts that, in so finding, the ALJ "mischaracterized the record" in several key respects. *See* Plaintiff's Brief at 10-12. First, she argues that the ALJ

4

erroneously deemed the Arabadjis and Burchfield opinions unsupported "by any clinical examination findings or objective testing." *Id.* at 10 (cleaned up). Second, she contends that the ALJ "erred by concluding that the treating source opinions conflict with evidence [that the Plaintiff] can engage in some activities of daily living" when none of those activities "were performed for a length of time or frequency that can be compared to full-time work." *Id.* at 11 (cleaned up). Finally, she faults the ALJ for improperly relying on the opinions of consultants who had neither treated nor examined her, were "not relevant specialists despite the case involving an unusual chronic pain condition," and "reviewed only a limited record." *Id.* at 12.

With two exceptions, this argument boils down to an unavailing invitation to the Court to reweigh the opinion evidence. *See Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The [Commissioner] may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."); *Justin P. v. O'Malley*, No. 2:23-cv-00053-LEW, 2024 WL 413351, at *2 (D. Me. Feb. 5, 2024) (rec. dec.) ("[The claimant's] disagreement with the ALJ's weighing of the evidence is not cause for remand. As this Court has stated over and over again, the mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." (cleaned up)), *aff'd*, 2024 WL 1281554 (D. Me. Mar. 26, 2024).

The Plaintiff's two segregable arguments—that the ALJ mischaracterized the record and relied on the findings of agency nonexamining consultants who reviewed

5

only a limited record—also fall flat. The first point rests on the Plaintiff's own mischaracterization of the ALJ's finding: the ALJ did not deem the Arabadjis and Burchfield opinions wholly unsupported but, rather, unsupported by "findings severe enough to support" such "significant limitations." Record at 26. The second point founders because the Plaintiff identifies no specific evidence unseen by the consultants that would call their conclusions into question. *See, e.g., Susan E. P. v. Kijakazi*, No. 1:20-cv-00402-NT, 2021 WL 5851394, at *3 (D. Me. Dec. 9, 2021) (rec. dec.) (holding that a claimant was not entitled to remand on the basis that the ALJ relied on the findings of state-agency physicians who had "not review[ed] a significant portion of the medical record" when the claimant failed "to specify what it is about or within each such exhibit that would require the state-agency physicians to come to different conclusions" (cleaned up)), *aff'd*, 2022 WL 19627 (D. Me. Jan. 3, 2022).

### B. Evaluation of Plaintiff's Subjective Statements

The ALJ noted that the Plaintiff "reported a history of failed spinal surgery and continuing symptoms due to her spinal impairments," including "pain, weakness, numbness, stiffness, and mobility limitations involving her lower back and lower extremities," that rendered her "unable to work." Record at 23. He concluded, however, that while "the evidence supported some limitations," neither the objective medical evidence nor "the Plaintiff's reported activities and abilities" were "fully consistent with a finding of disability." *Id.* at 24-25.

An ALJ's evaluation of a claimant's subjective statements "is entitled to deference, especially when supported by specific findings." *Frustaglia v. Sec'y of*

6

*Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987). The Plaintiff challenges the ALJ's discounting of her allegations on three unavailing bases, failing to show that deference is unwarranted in this case.

The Plaintiff first contends that "there is no evidence that [she] has had significant and sustained improvement of chronic pain with treatment that included a past spinal cord surgery, use of an implanted pain medicine pump administering Morphine," and "the use of oral opiate medication for breakthrough pain." Plaintiff's Brief at 15. Yet, she fails to come to grips with contrary evidence on which the ALJ relied indicating improvements following an October 2020 surgery to replace her malfunctioning morphine pump. *See* Record at 23-24. The ALJ noted, for example, that the Plaintiff "reported improved functional mobility" and standing and sitting tolerance following a course of physical therapy from December 2020 to March 2021 and reported in March 2021 that "her pain is controlled to the point she no longer needs supplemental oral opiates." *Id.* at 24.

Second, the Plaintiff asserts that the ALJ as a layperson lacked the expertise to conclude that her subjective statements conflicted with a course of "conservative" treatment. Plaintiff's Brief at 15. Yet, for that proposition she relies on an out-of-district authority. *See id.* at 16; *Green v. Saul*, No. 19-cv-528, 2020 WL 1150447, at *4 (E.D. Wis. Mar. 10, 2020) (faulting an ALJ for relying on a characterization of a claimant's treatment as "conservative" without pointing to "any medical evidence suggesting that more aggressive treatment might be appropriate for a person with [the claimant's] condition").

7

As the Commissioner notes, *see* Commissioner's Brief (ECF No. 11) at 10, the First Circuit has not required such a showing, *see, e.g.*, *Flood v. Colvin*, No. 15-2030, 2016 WL 6500641, at *1 (1st Cir. 2016) (holding that an ALJ properly discounted a claimant's subjective allegations in part on the basis of a "[c]laimant's history of conservative treatment"); *McNelley v. Colvin*, No. 15-1871, 2016 WL 2941714, at *2 (1st Cir. Apr. 28, 2016) (deferring to an "ALJ's credibility finding . . . because it is substantially supported by medical evidence showing that [the claimant] was indeed being treated conservatively with only medication management and that he discontinued psychotherapy treatment").

Third, and finally, the Plaintiff faults the ALJ for failing to consider her "honorable work history with significant earnings every year for 37 years prior to the time she became disabled[,] . . . even returning to work after having spinal fusion surgery in the past." Plaintiff's Brief at 17.  However, "[a] claimant is not entitled to a presumption of credibility based on a long work history." *Preston v. Colvin*, No. 2:13-cv-321-DBH, 2014 WL 5410290, at *7 (Oct. 21, 2014).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be ***AFFIRMED***.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.***

Dated: July 31, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge